FILED 24 MAR '25 10:23 USDC-ORP

Erica Tatoian, OSB No. 164896
erica.tatoian@millernash.com
MILLER NASH LLP
1140 SW Washington St, Ste 700
Portland, OR 97205
Phone: 503.224.5858 | Fax: 503.224.0155

*Attorneys for Non-Party Newberg-Dundee Police Department*

IN THE UNITED STATES DISTRICT COURT

OF THE STATE OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br>A.G., V. Uber Technologies, Inc., et al<br>3:24-cv-1915-CRB<br><br>MDL No. 3084-CRB | Case No. 3:25-MC-319-AR<br><br>MOTION TO QUASH SUBPOENA TO NON-PARTY NEWBERG-DUNDEE POLICE DEPARTMENT |

**LR 7-1 CERTIFICATION**

Pursuant to Local Rule 7-1, undersigned counsel certifies that she spoke with counsel for Defendant Uber Technologies, Inc., by telephone on March 21, 2025, but they were unable to resolve this dispute.

Page 1 - MOTION TO QUASH SUBPOENA TO NON-PARTY NEWBERG-DUNDEE POLICE DEPARTMENT
4926-4574-3660.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
1140 SW WASHINGTON ST, STE 700
PORTLAND, OREGON 97205

111186

## MOTION TO QUASH SUBPOENA

Non-Party Newberg Dundee Police Department (the Department) respectfully moves the Court to quash the subpoena *duces tecum* issued by Defendant Uber Technologies, Inc. on March 10, 2025 (the Subpoena). The Subpoena commands the Department to produce by March 25, 2025,

> "any and all records and/or documents regarding Incident Date 4/22/2023 including but not limited to call log, 911 call recording, recordings, video tape footage, dash and body cam, photos, videos, diagrams, witness statements, investigation reports and records, investigator's notes, records and report [*sic*] and any records relating to arrest records, involving the victim's name [A.G.],[1] DOB: [ ]."

This motion is supported by the Declaration of Captain Ryan Simmons ("Simmons Decl.") and the following memorandum of law.

## MEMORANDUM OF LAW

### I. INTRODUCTION

The Department is a non-party recipient of the Subpoena issued by the District Court for the Northern District of California on behalf of Defendant Uber Technologies, Inc. Simmons Decl., Ex. 1. The subpoena purports to require the Department to produce the requested records to the defendant's attorney's office in Texas. *Id.* As the Department is located in Yamhill County, Oregon, this court is the "court where compliance is required" for purposes of the Department's compliance with or objections to the Subpoena. Fed. R. Civ. P. 45(d)(3)(A).

The Subpoena is improper because it (1) purports to require production of records beyond the geographical limit in Rule 45(c)(2)(A); and (2) seeks records which are subject to the law

---

[1] Undersigned counsel has redacted the victim's name, birthdate, social security number, and home address in this filing and in Exhibit 1 to the Simmons Declaration.

Page 2 - MOTION TO QUASH SUBPOENA TO NON-PARTY NEWBERG-DUNDEE POLICE DEPARTMENT
4926-4574-3660.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
1140 SW WASHINGTON ST, STE 700
PORTLAND, OREGON 97205

enforcement privilege. As a result, the Department respectfully requests that the Court quash the Subpoena.

## II.   LEGAL STANDARD

Rule 45 governs subpoenas to non-parties in federal court. Generally, subpoenas "must issue from the court where the action is pending," Fed. R. Civ. P. 45(a)(2), and may command a person to produce "documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person[.]" Fed. R. Civ. P. 45(c)(2)(A). "On timely motion, the court for the district where compliance is required must quash or modify a subpoena that * * * requires a person to comply beyond the geographical limits specified in Rule 45(c)" or "requires disclosure of privileged or other protected matter, if no exception or waiver applies[.]" Fed. R. Civ. P. 45(d)(3)(A)(ii), (iii); *see Kompan A/S v. Wildwood Playground NW, Inc.*, No. 3:24-MC-537-AR, 2024 WL 5245481, *1 (D. Or. July 16, 2024) ("The subpoena must be issued by the court where the underlying action is pending, but a motion to compel or a challenge to a nonparty subpoena must be made in the court where the discovery is or will be taken." (Internal quotation marks omitted)).

## III.   ARGUMENT

The Subpoena should be quashed for two independently sufficient reasons. First, the Subpoena violates Rule 45(c)'s geographical limit by purporting to command the Department to produce records more than 100 miles from where the Department regularly transacts business. Second, the Subpoena seeks records that are subject to the law enforcement privilege. Consequently, the Subpoena should be quashed.

Page 3 - MOTION TO QUASH SUBPOENA TO NON-PARTY NEWBERG-DUNDEE POLICE DEPARTMENT
4926-4574-3660.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
1140 SW WASHINGTON ST, STE 700
PORTLAND, OREGON 97205

### A. The Subpoena improperly commands the Department to produce records outside the geographical limits specified in Rule 45(c).

The Subpoena should be quashed because it purports to require the Department to produce records to defendant's attorney's office in Houston, Texas, 2,225 miles from where the Department regularly transacts business.

Under Rule 45(c), a subpoena may not compel a person to produce "documents, electronically stored information, or tangible things at a place" beyond "100 miles of where the person resides, is employed, or regularly transacts business." Fed. R. Civ. P. 45(c)(2)(A). Both this Court and the District Court for the Northern District of California—the issuing court of the Subpoena—construe Rule 45(c) according to its plain terms, even if the nonparty recipient of the subpoena could produce records electronically. *Fed. Trade Comm'n v. Kroger Co.*, No. 3:24-CV-00347-AN, 2024 WL 3400098, *2-3 (D. Or. July 12, 2024); *United States v. Google LLC*, 690 F. Supp. 3d 1011, 1036 (N.D. Cal. 2023). "Were it otherwise, a party could simply request the issuance of a subpoena for documents from any federal district court within the United States commanding the subpoenaed party to mail (or email) the documents from a mailbox (or computer) located within that district." *Google LLC*, 690 F. Supp. 3d at 1036. "Rule 45(d)(3)(A)(ii) plainly instructs that courts must 'quash or modify' subpoenas that exceed Rule 45(c)'s 'geographical limits'[.]" *In re Kirkland*, 75 F.4th 1030, 1044-45 and n. 5 (9th Cir. 2023) (citing to Rule 45's provision concerning the geographical limits of a subpoena *duces tecum* in support of the court's conclusion that the geographical limit rule applies to remote deposition subpoenas). Thus, courts must quash or modify subpoenas that direct production of records to a location outside the 100-mile geographical limit.

The Department is located and regularly transacts only business in Yamhill County, Oregon. Simmons Decl., ¶2. The Subpoena purports to compel the Department to produce

Page 4 - MOTION TO QUASH SUBPOENA TO NON-PARTY NEWBERG-DUNDEE POLICE DEPARTMENT
4926-4574-3660.1

records in Houston, Texas, 2,225 miles from the Department.[2] *Id.*, Ex. 1 at 1. Accordingly, the Subpoena should be quashed because it violates Rule 45(c)'s 100-mile geographical limit.

### B. The Subpoena should be quashed because it requires disclosure of records subject to the law enforcement privilege.

The Subpoena seeks records which are subject to the law enforcement privilege.

The law enforcement privilege "bars the disclosure of facts and is based primarily on the harm to law enforcement efforts which might arise from public disclosure of investigatory files." *Hemstreet v. Duncan*, No. CV-07-732-ST, 2007 WL 4287602, *2 (D. Or. Dec. 4, 2007) (internal quotation marks omitted). The law enforcement privilege is "rooted in common sense as well as common law." *Id.* The privilege is "designed to prevent disclosure of law enforcement techniques and procedures, and to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." *Id.* (internal quotation marks omitted). Because the law enforcement privilege is "a qualified privilege," the court must balance the public interest in nondisclosure against particular litigant's need for access to the privileged information. *Id.*[3]

---

[2] The Court may take judicial notice of online distance calculations on Google maps. *United States v. Perea-Rey*, 680 F.3d 1179, 1182 n.1 (9th Cir. 2012) (so providing). *See* Google Maps at
https://www.google.com/maps/dir/Newberg+Police+Department,+401+E+3rd+St,+Newberg,+OR+97132/13105+Northwest+Freeway,+Houston,+TX/@37.3673733,-119.8197954,5z/data=!3m1!4b1!4m13!4m12!1m5!1m1!1s0x549541d10bda8523:0xa4a50091a80aaf80!2m2!1d-122.9753244!2d45.2987242!1m5!1m1!1s0x8640c5ffb4c0b039:0x7173612740ee7f45!2m2!1d-95.5019611!2d29.8449317?entry=ttu&g_ep=EgoyMDI1MDMxNy4wIKXMDSoASAFQAw%3D%3D.

[3] Some courts also consider factors, including "(1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; * * *

Page 5 - MOTION TO QUASH SUBPOENA TO NON-PARTY NEWBERG-DUNDEE POLICE DEPARTMENT
4926-4574-3660.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
1140 SW WASHINGTON ST, STE 700
PORTLAND, OREGON 97205

To properly assert the privilege, the head of the department with control over the requested information must assert the privilege based on personal consideration by that official, and the information for which the privilege is claimed must be specified with an explanation as to why it falls within the scope of the privilege. *Id.* Captain Ryan Simmons is the assigned captain of the Department. Simmons Decl. ¶1. His duties include the supervision and oversight of the Department. *Id.*

The Subpoena seeks records that are subject to the law enforcement privilege. The Subpoena seeks the investigatory file of the Department concerning an incident on April 22, 2023 (the "underlying incident"). *Id.*, Ex. 1. The Department initiated an investigation of the underlying incident on April 25, 2023, and that investigation remains ongoing. Simmons Decl., ¶¶4-5. In connection with the investigation, the Department has interviewed witnesses and collected evidence. *Id.* The Department plans to engage in more interviews and apply for a DNA warrant which will determine how the investigation proceeds. *Id.* Based on reviewing the requested records and speaking with the assigned detective, Captain Simmons has determined that disclosure of the requested records would impede the Department's investigation into the underlying incident. *Id.* The Police Department has maintained confidentiality of the requested records and will continue to do so until the investigation is closed. *Id.* Under the circumstances, the records are privileged, and their premature disclosure would interfere with the Department's investigation of the underlying incident.

---

(4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed[.]" *In re Sealed Case*, 856 F.2d 268, 272 (D.C. Cir. 1988).

Page 6 - MOTION TO QUASH SUBPOENA TO NON-PARTY NEWBERG-DUNDEE POLICE DEPARTMENT
4926-4574-3660.1

Moreover, the public interest in nondisclosure to allow law enforcement to complete its investigation outweighs defendant's need in the requested records. Presumably, defendant seeks the records to learn whether the victim was sexually assaulted while using defendant's services. But as Captain Simmons has explained, the investigation remains ongoing and requires additional fact and evidence gathering before any conclusion may be reached. Simmons Decl. at ¶5. Defendant may conduct its own investigation and engage in discovery with the victim to learn more about the underlying incident. But, given the ongoing nature of the Department's investigation, the records requested in the Subpoena are not yet probative of an issue in the underlying litigation. Consequently, the Subpoena should be quashed.

## CONCLUSION

The Subpoena is procedurally improper because it seeks discovery outside the 100-mile limit allowed by the Federal Rules of Civil Procedure. It is substantively improper because it seeks privileged files. For these two independent reasons, the Department respectfully requests that the Court quash the Subpoena.

DATED this 24th day of March, 2025.

**MILLER NASH LLP**

By: /s/ Erica Tatoian
Erica Tatoian, OSB No. 164896
*Attorneys for Non-Party Newberg-Dundee Police Department*

Page 7 - MOTION TO QUASH SUBPOENA TO NON-PARTY NEWBERG-DUNDEE POLICE DEPARTMENT
4926-4574-3660.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
1140 SW WASHINGTON ST, STE 700
PORTLAND, OREGON 97205

## CERTIFICATE OF COMPLIANCE

This motion complies with the applicable word-count limitation under LR 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains 1,580 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury under the laws of the state of Oregon that, on March 24, 2025, **MOTION TO QUASH SUBPOENA TO NON-PARTY NEWBERG-DUNDEE POLICE DEPARTMENT** was served on the person(s) listed below in the manner shown:

| | |
|---|---|
| Veronica Hayes Gromada<br>Shook, Hardy & Bacon L.L.P<br>JP Morgan Chase Tower<br>600 Travis Street, Suite 300<br>Houston, TX 77002-2926<br>Email: vgromada@shb.com | Rachel Beth Abrams<br>Peiffer Wolf Carr Kane Conway & Wise, LLP<br>555 Montgomery Street, Suite 820<br>San Francisco, CA 94111<br>Email: rabrams@peifferwolf.com |

[x] By United States Mail, First Class
[ ] By Hand Delivery
[ ] By CM/ECF
[x] By Email

Dated at Portland, Oregon, this 24th day of March, 2025.

By: /s/ Erica Tatoian
Erica Tatoian, OSB No. 164896
*Attorneys for Non-Party Newberg-Dundee Police Department*

Page 1 – CERTIFICATE OF SERVICE